**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Digital Alpha Advisors, LLC<br><br>    Plaintiff<br>v.<br><br>Rahim Ladak<br><br>    Defendant | Case No.: 2:23-cv-01339-JAD-DJA<br><br>**Order Granting Motion to Seal, Granting in Part Motion for Temporary Restraining Order, and Setting Expedited Briefing Schedule on Motion to Conduct Early Discovery**<br><br>[ECF Nos. 4, 6, 7] |

Plaintiff Digital Alpha Advisors LLC, a private-equity investment firm, brings this suit against former employee Rahim Ladak for misappropriating trade secrets and breaching his employment contract during his last month of work. Digital Alpha seeks a temporary restraining order and preliminary injunction prohibiting Ladak from sharing the confidential information and directing him to return it and any electronic devices belonging to the company. Digital Alpha also seeks to seal an exhibit to its motion and to conduct early discovery before any preliminary-injunction hearing takes place. I find that Digital Alpha has shown that a temporary restraining order is warranted here, so I grant that motion. I also grant Digital Alpha's motion to seal because there are compelling reasons to do so. And I set an expedited briefing schedule on Digital Alpha's motion to conduct early discovery prior to any briefing or hearing on its preliminary-injunction motion.

**Discussion**

**A.    Digital Alpha's motion to seal [ECF No. 6]**

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[1]  "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[2]  "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[3]  "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[4]

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[5]  The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[6]  "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is

---

[1] *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Comm'n., Inc.*, 435 U.S. 589, 597 (1978)).

[2] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[4] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[5] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

[6] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

2

sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[7]

Digital Alpha moves to seal two columns of a spreadsheet—attached in redacted form to its preliminary-injunction motion—that contain details of the information it alleges Ladak misappropriated.[8] I find that the higher, compelling-reasons standard applies in this context because the underlying motion is dispositive as it addresses the merits of this action.

I reviewed the sealed exhibit in camera and conclude that there are compelling reasons to redact the document because it contains confidential business information. I am satisfied that releasing the information contained in the exhibit could potentially damage the plaintiff, and I find that compelling reasons exist to seal this information. So I grant Digital Alpha's motion to seal.

**B.      Digital Alpha's motion for a temporary restraining order [ECF No. 4]**

Temporary restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[9] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[10] The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of

---

[7] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).

[8] ECF No. 6.

[9] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[10] *Id.* at 20.

success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[11]  Under either approach, the starting point is a merits analysis.

  1.  ***Likelihood of success on the merits***

Digital Alpha has shown a likelihood of success on the merits of its federal and state misappropriation claims.  To establish a claim for misappropriation under the federal Defend Trade Secrets Act (DTSA), the plaintiff must show that (1) "the plaintiff possessed a trade secret," (2) "the defendant misappropriated the trade secret," and (3) "the misappropriation caused or threatened damage to the plaintiff."[12]  The DTSA's definition of "trade secret" is broad: it includes "all forms and types of financial, business, scientific, technical, economic, or engineering information, . . . whether tangible or intangible, and whether or how stored . . . ."[13]  The owner must have taken reasonable measures to keep the information secret, and it must "derive economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from" disclosure or use of the information.[14]  And a plaintiff misappropriates a trade secret if he acquires the secret through improper means, or discloses or uses the secret without the express or

---

[11] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[12] *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020).

[13] 18 U.S.C. § 1839(3).

[14] *Id.* at § 1839(3)(A), (B).

implied consent or its owner.[15]  Nevada's Uniform Trade Secrets Act (NUTSA) imposes similar standards.[16]

Ladak signed an employment contract agreeing to not use or disclose its trade-secret information.[17]  But Digital Alpha presents evidence that Ladak downloaded 828 files from Digital Alpha servers after he was terminated.[18]  Those files contain proprietary and confidential information about Digital Alpha's portfolio companies; investment memos containing confidential risk assessments; and other documents "related to deals, investments, and transactions negotiated by Digital Alpha."[19]  Digital Alpha does not share this information and takes measures to protect it.  And Digital Alpha has sufficiently alleged that competitors may derive economic benefit from the release of these documents, as they will not have to do the work to gather and evaluate the information on various portfolio companies if they have access to Digital Alpha's work, and they may be able to gain an advantage over Digital Alpha's portfolio companies with the information about "their internal operations, customers, sales and marketing, and finances" that Digital Alpha had access to.[20]

Ladak admitted to another Digital Alpha employee that he downloaded some of those items, explaining that he did so because he "wanted to be able to talk intelligently about [his]

---

[15] *Id.* at § 1839(5)(A), (B).

[16] *See Frantz v. Johnson*, 999 P.2d 351, 358 (Nev. 2000) (noting that, to allege a NUTSA claim, a plaintiff must show "(1) a valuable trade secret; (2) misappropriation of the trade secret through use, disclosure, or nondisclosure of use of the trade secret; and (3) . . . that the misappropriation was wrongful because it was made in breach of an express or implied contract or by a party with a duty not to disclose").

[17] ECF No. 4-3; ECF No. 4-4.

[18] *See* ECF No. 4-5; ECF No. 4-6; ECF No. 4-7.

[19] ECF No. 4-2 at ¶¶ 25–26.

[20] ECF No. 4 at 12.

time at" the company for future employment and promised that he deleted the information from his personal devices.[21] At this stage, I find that Digital Alpha has shown a likelihood of success on its claim that Ladak misappropriated trade secrets when he downloaded Digital Alpha's confidential files.

Digital Alpha has also shown a likelihood of success on the merits of its breach-of-contract claim. To prevail on that claim, the plaintiff must show that (1) a valid contract exists, (2) the plaintiff performed under that contract, (3) the defendant didn't perform, and (4) the plaintiff suffered damages.[22] The company produced Ladak's signed employment contract, through which he promised that he "will not, in whole or in part, directly or indirectly, disclose, use[,] or divulge or allow to be disclosed, used[,] or divulged to any person or entity any confidential information for any reason or purpose whatsoever . . . ."[23] The contract also bound Ladak to abide by various company policies, including an electronic-communications policy that requires the prompt return of Digital Alpha's electronic resources upon termination.[24] The company contends that Ladak has failed to return his company-issued computer and has not allowed Digital Alpha to "independently verify that the proprietary, confidential[,] and trade-secret information is no longer in his possession."[25] Digital Alpha has shown the existence of a valid contract, that it performed under the contract by offering Ladak employment, and that Ladak breached the agreement by taking confidential information and failing to return company

---

[21] ECF No. 4-5 at 4.
[22] *Richardson v. Jones*, 1 Nev. 405, 408 (1865).
[23] ECF No. 4-3 at 5.
[24] ECF No. 4-2 at ¶ 29.
[25] ECF No. 4-4 at 29–30.

property. I thus find that Digital Alpha has established a likelihood of success on the merits of its breach claim.

### 2. *Irreparable harm*

Digital Alpha argues that it will suffer irreparable harm through "loss of goodwill, destruction of trade secrets, loss of portfolio companies' confidentiality, and competitive disadvantage" if an injunction does not issue.[26] It cites a string of cases in which courts have found that the exposure of trade secrets can cause irreparable harm that cannot be reduced to monetary damages.[27] In these circumstances, I find that Digital Alpha has established that it may suffer irreparable harm to its reputation with portfolio companies and its competitiveness in the market if Ladak is permitted to keep and thus potentially disclose trade-secret information.

### 3. *Balance of hardships and public interest*

The balance-of-hardships and public-interest factors weigh heavily in Digital Alpha's favor. To comply with the requested temporary-restraining order, Ladak must return information and devices that do not belong to him and agree not to divulge any trade-secret or confidential information to third parties—the hardship this causes is minimal. And the public interest is served by protecting trade secrets and holding people to their contractual obligations. So because I find that Digital Alpha has shown that injunctive relief is warranted, I grant its motion for a temporary restraining order in part. But I decline Digital Alpha's requests for a restraining order directing Ladak to preserve evidence because the Federal Rules of Civil Procedure already

---

[26] ECF No. 4 at 16.

[27] *Id.* at 16–17; *see, e.g.*, *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991) (recognizing that injunctions are often appropriate in trade-secrets cases to prevent unfair advantage to competitors); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001) (noting that "[e]vidence of threatened loss of prospective customers and goodwill certainly supports a finding of the possibility of irreparable harm").

impose that obligation on all parties and their counsel, and there is no evidence showing that Ladak has or is inclined to violate this basic procedural rule.[28]

C.  **Digital Alpha's preliminary-injunction and expedited-discovery motions [ECF Nos. 5 & 7]**

Digital Alpha seeks expedited briefing and early discovery on its request for a preliminary injunction. I will not rule on the early-discovery motion until Ladak has had an opportunity to respond. Ladak's response is due today, and Digital Alpha will have until September 18th to reply. That expedited-discovery motion, once fully briefed, will be decided expeditiously, and I will set a briefing schedule on the preliminary-injunction motion at that time.

Digital Alpha's request for early discovery necessarily extends the time it will take to reach a preliminary-injunction hearing in this matter. And the duration of the TRO must be long enough to allow Ladak time to comply with its terms, which include turning over devices to a forensic expert. I thus find good cause to set the expiration date for the TRO to October 13, 2023, 28 days from today's date.

**Conclusion**

IT IS THEREFORE ORDERED that Digital Alpha's motion for a temporary restraining order **[ECF No. 5] is GRANTED in part:**

1. Ladak is enjoined from directly or indirectly misappropriating, copying, transferring, using, or disclosing any confidential, proprietary, or trade-secret information of Digital Alpha, Digital Alpha's portfolio companies, and any third party that entrusted such information to Digital Alpha.

---

[28] Fed. R. Civ. P. 26; Fed. R. Civ. P. 37.

2. Ladak is directed to immediately return to the attorneys for Digital Alpha: (a) all tangible and intangible property of Digital Alpha or its portfolio companies; (b) all communications, documents, files, and data that he downloaded, copied, took, or otherwise has possession, custody, or control of, from Digital Alpha; (c) all communications, documents, files, and data that contain the confidential, proprietary, or trade-secret information of Digital Alpha or its portfolio companies; (d) all computers or other devises provided to him by Digital Alpha including, but not limited to, the laptop computer bearing Serial No. BNT01B3; and (e) all copies and backups of the foregoing.

3. Ladak is directed to provide a declaration under 28 U.S.C. § 1746 to the attorneys for Digital Alpha within five days of this order setting forth an inventory that identifies each device (by type, brand, model, serial number, date acquired, and current location) and account (e.g., cloud-based storage) used by him, at any time on or after June 26, 2021, to (a) perform work on behalf of Digital Alpha; (b) copy, transfer, or store communications, documents, files, data, or other information of or regarding Digital Alpha, its portfolio companies, or Ladak's work therefore; or (c) view or download communications, documents, files, data, or other information obtained from Digital Alpha or its portfolio companies, or otherwise in his possession, custody, or control by virtue of his employment with Digital Alpha.

4. Ladak is directed to provide the inventory devices described above, and, to the extent not among the inventory devices, the Dell laptop he purchased during the time he was employed by Digital Alpha, to a neutral third-party expert within 15 days of this order for forensic imaging, inspection, and analysis to determine whether any confidential,

proprietary, or trade-secret information of Digital Alpha, its portfolio companies, or third parties who have entrusted such information to Digital Alpha, was or is present. **The parties must meet and confer to agree on the third-party expert** who will conduct this analysis.

5. Ladak is enjoined from altering, changing, using, impairing, deleting, or destroying any of Digital Alpha's property, his inventory devices, or the Dell laptop mentioned above, or information, files, or data contained therein, without the court or Digital Alpha's prior permission.

**This temporary restraining order expires at 5:00 P.M. on October 13, 2023**. Digital Alpha **must post security in the amount of $1,000 for this TRO to go into effect**.

IT IS FURTHER ORDERED that Digital Alpha's motion to seal **[ECF No. 6] is GRANTED. The Clerk of Court is directed to MAINTAIN THE SEAL on ECF No. 6 and its attachments.**

IT IS FURTHER ORDERED **that further briefing on the preliminary-injunction motion** is **STAYED** pending resolution of the discovery motion.

_____
U.S. District Judge Jennifer A. Dorsey
September 15, 2023