UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Digital Alpha Advisors, LLC, | Case No. 2:23-cv-01339-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Rahim Ladak, | |
| Defendant. | |

Plaintiff Digital Alpha Advisors LLC, a private-equity investment firm, brings this suit against former employee Rahim Ladak for misappropriating trade secrets and breaching his employment contract during his last month of work. Plaintiff sought, and the Court granted, a temporary restraining order. (ECF No. 9). The Court also set an expedited briefing schedule on Plaintiff's motion to conduct early discovery prior to any briefing or hearing on its preliminary-injunction motion. Plaintiff now moves on an *ex parte* basis for the Court to deem service effectuated or, in the alternative, for alternative service. (ECF No. 8). Because the Court finds that Plaintiff's proposed means of service are reasonably calculated to provide notice and an opportunity to respond, it grants the motion in part regarding Plaintiff's request for alternative service and denies it in part regarding Plaintiff's request that the Court deem service effectuated.

**I.    Legal standard.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation

omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Nevada Rule of Civil Procedure 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

> (i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
> (ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address. Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication."

Texas law also provides for alternative methods of service where service has been attempted and unsuccessful. Texas Rule of Civil Procedure 106(b) provides that a motion for alternative service must be supported by affidavit stating the location of the defendant's usual

place of abode and demonstrating that personal and mail service, return receipt requested have been attempted.  That rule also provides that, if the party seeking alternative service makes that showing, the court may authorize service by "any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).

**II.        Discussion.**

Plaintiff explains that it received a letter related to this litigation from Michael C. Fallings, Esq., an attorney based in Austin, Texas.  That letter attached a power of attorney for Defendant on the firm's letterhead listing Defendant's address as 901 East 5th Street, Apt. 1230, Austin, TX 87820; his email address as Rahim.k.ladak@gmail.com; and his phone number as (512) 826-2082. The power of attorney indicated that it was signed by Plaintiff.

In preparing to serve its motion and other filings in this matter, Plaintiff consulted background check information regarding Defendant contained in Accurint, a LexisNexis product and confirmed Defendant's address.  Plaintiff also found Defendant's LinkedIn account.  Plaintiff also emailed Defendant's counsel and requested that counsel accept service on Defendant's behalf.  However, Mr. Fallings responded that the firm did not represent Defendant "in this action" and thus did not have authority to accept service on his behalf.  Plaintiff also emailed Defendant regarding the litigation, but received no response.  Plaintiff did not receive any bounce-back or any indication that the address was not valid or the message not delivered.  Plaintiff asserts that it had previously used that address to communicate with Defendant.

Plaintiff also retained a process server—Nationwide—who attempted service on September 2, 2023.  Nationwide attempted to reach Defendant via the call box outside his apartment building, but received no answer.  After Nationwide gained access via another resident, Nationwide knocked on Defendant's door.  Nobody responded, but Nationwide heard what sounded like the door being locked from the inside.  Nationwide made a second attempt to serve Defendant on September 12, 2023, but did not receive an answer.  Plaintiff also retained A-1 HouTex Civil Process to augment Nationwide's service efforts by identifying additional ways to serve Defendant, however, A-1 has been unsuccessful.

Plaintiff retained a second process server—The Legal Connection—which attempted service on September 14, 2023.  The Legal Connection was able to access the building via another residence, but received no response when knocking on Defendant's door and on a neighbor's door.  The Legal Connection waited about thirty minutes outside of Defendant's door and tried calling Defendant's phone number.   The Legal Connection noted that there was no property management office on site from which they could obtain additional information.

The Court finds that Plaintiff has demonstrated its due diligence in locating and serving Defendant and has provided the Defendant's last known address, phone number, email, and social media account.  The Court finds that these are verifiable means of contacting Defendant.  The Court also finds that Plaintiff's proposed methods of service are reasonably calculated to provide Defendant with notice and an opportunity to respond.

**IT IS THEREFORE ORDERED** that Plaintiff's *ex parte* motion for leave to make alternative service of process on Defendant (ECF No. 8) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request to make alternative service of process.  It is denied in part regarding Plaintiff's request that the Court deem service effectuated.

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendant by serving a copy of this order, the complaint, and summons on Defendant by email; U.S. Mail or courier; and by LinkedIn direct message to:

**Rahim Ladak**
901 East 5th Street, Apt. 1230
Austin, TX 78720
Rahim.k.ladak@gmail.com
https://www.linkedin.com/in/rahim-ladak-6a650210a/

DATED: September 18, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE