**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Digital Alpha Advisors, LLC<br><br>     Plaintiff<br>v.<br><br>Rahim Ladak<br><br>     Defendant | Case No.: 2:23-cv-01339-JAD-DJA<br><br>**Order Staying Sections 2 & 4 of the Temporary Restraining Order and Directing Expedited Briefing on Defendant's Emergency Motion**<br><br>[ECF Nos. 9, 18] |

Plaintiff Digital Alpha Advisors LLC, a private-equity investment firm, brings this suit against former employee Rahim Ladak for misappropriating trade secrets and breaching his employment contract during his last month of work. Two weeks ago I granted Digital Alpha's motion for a temporary restraining order, prohibiting Ladak from disclosing the company's trade secrets and directing him to immediately return Digital Alpha's property and submit any devices that contained trade secrets for a forensic examination by September 30, 2023. Ladak now moves on an emergency basis to modify that restraining order, claiming that he downloaded the documents because he was engaging in protected whistleblowing activity. I stay the portion of the TRO requiring that Ladak turn over information and electronic devices and set an expedited briefing schedule on his emergency motion.

**Discussion**

In Ladak's emergency motion, he concedes that he downloaded documents from Digital Alpha. But, he claims, he did so as a whistleblower. On August 2, 2023, about a week before Ladak was told that he was fired, Ladak contacted attorneys to represent him "in whistleblowing

activity, including reporting to the SEC suspected securities-law violations" by Digital Alpha.[1] Ladak gave Digital Alpha's information to his attorneys and on August 16, 2023, counsel submitted his concerns to the SEC's Office of the Whistleblower.[2]  He submits that he complied with section 3 of the TRO, requiring him to provide Digital Alpha with an inventory of the electronic devices that may contain the company's information.

But Ladak now moves to modify sections 1 and 5 of the TRO, which prohibits him from disclosing any trade-secret information, arguing that he must be permitted to disclose information to his attorneys to defend this action on the basis of civil immunity for whistleblowing activity and to continue that activity with the SEC.  He points to the confidentiality provisions of his employment agreement, which allow employees to report "possible violations of United States federal law or regulation to any governmental agency" and make "other disclosures that are protected under [the law's] whistleblower protections."[3]  The employment agreement also explains that employees who take information for these purposes cannot be held liable under the Defend Trade Secrets Act (DTSA).[4]  Ladak also points to the DTSA's whistleblowing safe-harbor provision and argues that he plans to invoke that provision as an affirmative defense to this lawsuit.[5]

---

[1] ECF No. 18 at 5.

[2] *Id.* at 6.

[3] *Id.* at 4.

[4] *Id.* at 5.

[5] *Id.* at 11 (citing 18 U.S.C. § 1833(b)(1), which provides immunity to individuals for disclosure of a trade secret that is made "in confidence to a [f]ederal, [s]tate, or local government official, either directly or indirectly, or to an attorney," and "solely for the purpose of reporting or investigating a suspected violation of law").

I find that I cannot determine the appropriate scope of the TRO's prohibitions on Ladak's disclosure and use of Digital Alpha's trade secrets without further briefing. So I keep those prohibitions in place but order expedited briefing to resolve this question. I find that this short pause in Ladak's ability to disclose or use this information will not harm his defense or his ability to engage in whistleblowing activity. Briefing on Digital Alpha's preliminary-injunction motion has been stayed pending resolution of its expedited-discovery motion, and according to Ladak's representations, he has already disclosed information to his attorneys for purposes of his SEC filings.

Ladak also moves to modify his obligations to immediately return Digital Alpha's property and information and submit various electronic devices for forensic evaluation. He contends that obeying these orders would "extinguish [his] ability to access the underlying data for purposes of his disclosures to and consultation with his attorneys and the SEC as part of his lawful whistleblowing activity" and prevent him from effectively raising an immunity defense in this case.[6] Ladak also expresses concern that, if forced to turn over his devices, Digital Alpha "will be able to view not only the underlying data downloaded, but the manner in which [he] organized the data and established folders at this advice of his attorneys representing him in the whistleblowing proceedings," thus giving the company "a roadmap to attorney-work product and the underling allegations of securities-law violations" and irreparably frustrating any government investigation.[7] He asks me to modify the order to allow him to transfer the information to his attorney's shared drive, permanently delete the data from his devices, then submit them for a forensic examination and return his work laptop.

---

[6] *Id.* at 20.

[7] *Id.* at 20–21.

I find that further briefing is required to determine the appropriate path forward for Ladak's devices and the information they contain. But I agree that forcing Ladak to comply with the current TRO's obligations may frustrate his defense and impede his whistleblowing activity. So I stay the portions of the TRO that require Ladak to turn over information or devices to Digital Alpha or a forensic examiner, but leave in effect the prohibition on destroying any information contained on those devices.

## Conclusion

IT IS THEREFORE ORDERED that **sections 2 & 4 of the temporary-restraining order** [ECF No. 9] entered on September 15, 2023, (reproduced below) **are STAYED** pending resolution of Ladak's emergency motion [ECF No. 18]:

2. Ladak is directed to immediately return to the attorneys for Digital Alpha: (a) all tangible and intangible property of Digital Alpha or its portfolio companies; (b) all communications, documents, files, and data that he downloaded, copied, took, or otherwise has possession, custody, or control of, from Digital Alpha; (c) all communications, documents, files, and data that contain the confidential, proprietary, or trade-secret information of Digital Alpha or its portfolio companies; (d) all computers or other devises provided to him by Digital Alpha including, but not limited to, the laptop computer bearing Serial No. BNT01B3; and (e) all copies and backups of the foregoing.

4. Ladak is directed to provide the inventory devices described above, and, to the extent not among the inventory devices, the Dell laptop he purchased during the time he was employed by Digital Alpha, to a neutral third-party expert within 15 days of this order for forensic imaging, inspection, and analysis to determine whether any confidential,

proprietary, or trade-secret information of Digital Alpha, its portfolio companies, or third parties who have entrusted such information to Digital Alpha, was or is present. **The parties must meet and confer to agree on the third-party expert** who will conduct this analysis.

**The remainder of the TRO REMAINS IN EFFECT pending resolution of Ladak's emergency motion**.

IT IS FURTHER ORDERED that **Digital Alpha's response to Ladak's emergency motion [ECF No. 18] is due by 5 P.M. on Monday October 2, 2023, and Ladak's reply is due by noon on Friday, October 6, 2023.**

_____
U.S. District Judge Jennifer A. Dorsey
September 28, 2023