UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Digital Alpha Advisors, LLC

    Plaintiff

v.

Rahim Ladak

    Defendant

Case No.: 2:23-cv-01339-JAD-DJA

**Amended[1] Order Granting in Part Plaintiff's Emergency Motion, Modifying and Extending the Temporary Restraining Order, Denying as Moot Plaintiff's Expedited-Discovery Motion, and Directing the Parties to Meet and Confer**

[ECF Nos. 7, 9, 18, 20, 27]

At the end of August 2023, Plaintiff Digital Alpha Advisors LLC, a private-equity investment firm, filed this lawsuit and moved for a temporary-restraining order (TRO) and preliminary injunction against Defendant Rahim Ladak after he downloaded more than 800 confidential documents from Digital Alpha's servers during his last month of work.  I granted the ex parte TRO motion on September 15, 2023, because it appeared that there was a strong likelihood that Ladak downloaded those documents with the intent of disclosing or using them in violation of state and federal trade-secrets laws.[2]  And I stayed briefing on the preliminary-injunction motion because Digital Alpha filed a motion for expedited discovery to search for evidence in support of it.[3]

---

[1] The conclusion block of this order has been amended to correct typographical errors on various deadlines.  Counsel must either file a stipulation if they resolve their discovery dispute by **Wednesday**, October 18, 2023.  If they do not reach an agreement, Digital Alpha must file a discovery motion by **Monday**, October 16, 2023.

[2] ECF No. 9.

[3] *Id.*

Since then, Ladak has been served, appeared, and retained counsel in this case. Ladak has moved to modify the TRO's terms, revealing that he is a whistleblower, he downloaded those documents because he believes that they concern evidence of securities-law violations, and he retained counsel to present that evidence to the SEC.[4] He contends that Digital Alpha has not shown that Ladak disclosed the company's confidential information to anyone but his lawyers and that he is entitled to immunity from this suit because he is engaging in whistleblowing activity.[5] Ladak seeks modifications to the TRO that would allow him to give his lawyers the data he downloaded from Digital Alpha, and he requests that he be allowed to delete the data on his devices before turning them over for forensic examination.[6]

Digital Alpha concedes that Ladak must be allowed to share the information with his lawyers but opposes Ladak's requests to delete the data from his devices before turning them over.[7] And on October 6, 2023, Digital Alpha filed an "emergency" motion for an order to show cause why the TRO shouldn't be converted to a preliminary injunction, arguing that the TRO expires on October 13, 2023, and if allowed to lapse, Digital Alpha would have no way of preventing Ladak from disclosing its trade-secret information to competitors.[8]

I grant Ladak's motion to modify the TRO in part and amend the language in some portions to clarify that Ladak may share the Digital Alpha data in his possession with his lawyers in this action and those acting as his counsel for his whistleblowing activity. But I stay the portions of the TRO that address turning over devices and submitting them to forensic

---

[4] ECF No. 18.
[5] *Id.*
[6] *Id.*
[7] ECF No. 21.
[8] ECF No. 27.

examination and order the parties to meet and confer about a path forward within five days of this order.  If the dispute is resolved, the parties must file a stipulation with the court explaining their agreement.  If the parties fail to resolve the dispute, Digital Alpha must file a discovery motion seeking the narrow relief it requests by October 16, 2023.  And I find good cause to extend the TRO for 30 days pending these discovery developments, so I grant Digital Alpha's emergency motion in part.

## Discussion

### A. TRO modifications

Ladak moves to modify the terms of the TRO to allow him to disclose Digital Alpha's confidential information to his lawyers in this case and the attorneys representing him for his whistleblowing activity.  That request comports with the Defend Trade Secrets Act's direction that whistleblowing activity is immune from its reach,[9] and Digital Alpha does not oppose it.[10]  So I grant in part Ladak's motion to modify the TRO to allow him to disclose documents to his counsel in this case and to the attorneys representing him in relation to his whistleblowing activity.[11]

Ladak also requests modifications to the portions of the TRO that direct him to turn over his devices containing Digital Alpha's confidential information to a neutral third-party forensic examiner.  He says that doing so would show Digital Alpha "the manner in which [he] organized the data and established folders at the advice of his attorneys representing him in the

---

[9] *See* 18 U.S.C. § 1833(a), (b).

[10] ECF No. 21 at 8–9.

[11] Notably, while Ladak disputes Digital Alpha's showing of the likelihood of success on the merits of its claims and that it has shown irreparable harm, he does not seek dissolution of the TRO—an available remedy under FRCP 65(b)(4).

whistleblower proceedings," giving the company "a roadmap to attorney-work product and the underlying allegations of securities-law violations [that Ladak] has made or will make to the SEC."[12]  Ladak requests that he be permitted to transfer the documents to his counsel and then delete them from his devices before forensic review.  Digital Alpha opposes this course of action, arguing that Ladak is searching for an order allowing him to destroy evidence.[13]  I agree, and Ladak doesn't present any authority for this unorthodox request to destroy evidence.  So, for now, I deny that request for modification.  But I continue to stay the portions of the TRO that direct Ladak to turn over the devices until this matter can be resolved by the parties or heard by the magistrate judge.

**B.     Discovery disputes**

At the outset of this case, Digital Alpha filed a motion for expedited discovery in advance of the resolution of its preliminary-injunction motion.[14]  In its reply, Digital Alpha concedes that the motion is moot but renews its request for a protocol to handle the return of its data and devices.[15]  The company requests that the court order the parties to meet and confer to select a neutral forensic examiner and agree on a forensic protocol; order Ladak to turn over all devices (without deleting their contents) to that forensic examiner; and appoint a special master to oversee the examination process and resolve any disputes.[16]  Ladak doesn't directly respond to that course of action, instead repeating that he be allowed to transfer the files to his lawyers and delete them from his devices before examination.  I find that this issue is better resolved by the

---

[12] ECF No. 18 at 21 (cleaned up).
[13] ECF No. 21 at 9–11.
[14] ECF No. 7.
[15] ECF No. 29 at 2.
[16] *Id.* at 3.

4

parties in the first instance, or by the magistrate judge on an expedited basis. So I deny the expedited-discovery motion as moot and order the parties to meet and confer on this narrow discovery issue. If they fail to resolve their dispute within five days, Digital Alpha must file an appropriate motion for relief, which will be referred to the magistrate judge.

**C.     Digital Alpha's emergency motion for an order to show cause**

Last week, Digital Alpha moved on an emergency basis for an order to show cause why the TRO shouldn't be converted to a preliminary injunction, contending that this is an emergency because the TRO expires at 5:00 p.m. on October 13, 2023.[17] The preliminary-injunction motion has not been briefed, and the state of play has changed significantly since I granted Digital Alpha a TRO in September. Plus, there are other ways to secure the continued protections of a court order that would be preferrable to manufacturing an emergency—namely, moving for an extension of the TRO period in order to resolve the discovery issues that have overtaken this action and complicate several of the TRO's directives. Indeed, Ladak filed a response to Digital Alpha's motion stating that he consents to an extension of the TRO.[18] So I find good cause to extend the TRO for a period of 30 days to give the parties time to define the contours of the forensic-examination issues in this case and narrow the remaining requests for preliminary-injunctive relief.

**Conclusion**

IT IS THEREFORE ORDERED that Ladak's motion to modify the **TRO [ECF No. 18] is GRANTED in part** as follows:

---

[17] ECF No. 27.

[18] ECF No. 31 at 9; Fed. R. Civ. P. 65(b)(2) (a TRO "expires at the time after entry - not to exceed 14 days - that the court sets, unless before that time the court, for good cause, extends it for a like period or *the adverse party consents to a longer extension*) (emphasis added).

- Section 1 is modified to read: Ladak is enjoined from directly or indirectly misappropriating, copying, transferring, using, or disclosing any confidential, proprietary, or trade-secret information of Digital Alpha, Digital Alpha's portfolio companies, and any third party that entrusted such information to Digital Alpha **except that Ladak is not enjoined from making disclosures or uses of such information under 18 U.S.C. §§ 1833(b)(1) or (b)(2), or from making disclosures or uses of such information to his attorneys for purpose of defending this action**.
- Section 5 is modified to read: Ladak is enjoined from altering, changing, using, impairing, deleting, or destroying any of Digital Alpha's property, his inventory devices, or the Dell laptop mentioned above, or information, files, or data contained therein, without the court or Digital Alpha's prior permission, **except that Ladak is not enjoined from making disclosures or uses of the information on those devices under 18 U.S.C. §§ 1833(b)(1) or (b)(2), or from making disclosures or uses of such information to his attorneys for the purpose of defending this action**.
- Sections 2 & 4 of the temporary-restraining order (reproduced below) **REMAIN STAYED** pending resolution of the discovery issues in this case:

    2. Ladak is directed to immediately return to the attorneys for Digital Alpha: (a) all tangible and intangible property of Digital Alpha or its portfolio companies; (b) all communications, documents, files, and data that he downloaded, copied, took, or otherwise has possession, custody, or control of, from Digital Alpha; (c) all communications, documents, files, and data that contain the confidential, proprietary, or trade-secret information of Digital Alpha or its portfolio companies; (d) all computers or other devises provided to him by Digital Alpha including, but not

limited to, the laptop computer bearing Serial No. BNT01B3; and (e) all copies and backups of the foregoing.

4. Ladak is directed to provide the inventory devices described above, and, to the extent not among the inventory devices, the Dell laptop he purchased during the time he was employed by Digital Alpha, to a neutral third-party expert within 15 days of this order for forensic imaging, inspection, and analysis to determine whether any confidential, proprietary, or trade-secret information of Digital Alpha, its portfolio companies, or third parties who have entrusted such information to Digital Alpha, was or is present. **The parties must meet and confer to agree on the third-party expert** who will conduct this analysis.

- Ladak has complied with section 3 of the original TRO, so that portion is not extended by this modified TRO.

IT IS FURTHER ORDERED that, good cause appearing, the modified TRO is EXTENDED to **5:00 p.m. on Friday, November 10, 2023**. Digital Alpha's emergency motion for an order to show cause why the TRO shouldn't be converted to a preliminary injunction **[ECF No. 27] is thus GRANTED in part**. The relief Digital Alpha seeks—the maintenance of a court order prohibiting Ladak from using its trade secrets in a manner that might violate trade-secrets law—is provided by this extension.

IT IS FURTHER ORDERED that Digital Alpha's motion for expedited discovery **[ECF No. 7] is DENIED as moot**. The parties must **meet and confer** to attempt to resolve their discovery dispute about the manner in which Ladak must turn over relevant devices to a neutral forensic examiner **by Friday, October 13, 2023**. If they are successful, the parties must file a stipulation explaining their agreement by **Wednesday, October 18, 2023**. If the parties fail to

7

resolve their dispute, Digital Alpha must file a discovery motion on the matter by **Monday, October 16, 2023**. Ladak's expedited response will be due on **Friday, October 20, 2023**. **NO REPLIES OR EXTENSIONS OF TIME WILL BE ENTERTAINED. This discovery matter will be referred to the magistrate judge for prompt resolution.**

    IT IS FURTHER ORDERED that briefing on the pending preliminary-injunction motion **REMAINS STAYED** until the discovery dispute has been resolved.

_____
U.S. District Judge Jennifer A. Dorsey
October 11, 2023